**Allan CAMPBELL and Beverly Campbell, Plaintiffs,**

**Allan Campbell, Plaintiff-Appellant,**

v.

**AMERICAN AIRLINES, INC., Defendant-Appellee.**

**No. 772, Docket 86–7835.**

United States Court of Appeals, Second Circuit.

Argued March 11, 1987.

Decided May 12, 1987.

Allan Campbell, pro se.

Edward M. O'Brien, Gallagher & Gosseen, New York City, for defendant-appellee.

Before MESKILL, NEWMAN, Circuit Judges, and METZNER, District Judge.*

PER CURIAM:

Allan and Beverly Campbell, represented by counsel, commenced a negligence action against American Airlines ("AA"). Beverly Campbell's action was for loss of consortium flowing from her husband's claimed injury. At a pretrial conference on September 14, 1983, counsel for both parties expressed willingness to settle the matter for $9,250. Plaintiffs, who reside in Kingston, Jamaica, were not present in court at the time. On September 23, 1983, an order was entered discontinuing the action without costs "and without prejudice to the right to reopen the action if the settlement is not consumated [sic]."

On September 20, 1983, their attorney advised plaintiffs in writing that a settlement had been "tentatively agreed to," and set forth his reasons why it should be accepted. The letter stated that counsel for AA had advised that a check would be sent within six to eight weeks of the date "he [counsel for AA] is informed the settlement is accepted." Plaintiffs were asked to indicate their acceptance by executing a release before the United States Consul in Kingston, Jamaica.

Plaintiffs refused the settlement, and in November of 1983 directed their attorney to proceed to trial. Counsel for AA acknowledge that some time after the conference of September 14, 1983, they were advised that plaintiffs were dissatisfied with the settlement figure and would not execute the release.

On August 10, 1984, counsel for plaintiffs formally moved to be relieved as counsel because the plaintiffs would not accept the settlement figure which counsel considered to be fair and reasonable. The motion further sought to reopen the case pursuant to the order of discontinuance referred to above, since the settlement was never consummated. Attached to the motion papers was an affidavit signed by Allan Campbell dated August 10, 1984, which merely states, "I am in disagreement with the amount offered," and requests that the case be reopened.

On August 13, 1984, in a separate affidavit, Allan Campbell opposed the motion that counsel be relieved, and again stated that $9,250 is infinitesimal compared to what he was offered in settlement before retaining an attorney.

The matter came on for hearing before the court on September 11, 1984. The motion to reopen was denied, and the court ordered that the settlement be made final. There were no papers submitted in opposition to this motion, but, according to AA's brief on appeal, it took the position before the court that the settlement was fair and should be "finalized."

On January 7, 1985, Allan Campbell sent a letter to the court stating that he never agreed to the settlement, and asked that the matter proceed to trial. On February 15, 1985, Campbell filed an application for mandamus in this court seeking an order that he obtain a jury trial. This court denied the petition, but remanded the matter to the district court with a directive to treat the letter of January 7, 1985, as a motion to vacate the judgment under Rule

* The Honorable Charles M. Metzner of the United States District Court for the Southern District of New York, sitting by designation.

60(b), and "to permit the parties a reasonable opportunity to present arguments for and against such a motion."

On July 19, 1985, plaintiff, pro se, submitted an affidavit to the district court setting forth material substantiating his request for a trial.

AA's counsel, after notification from the court, wrote a letter to plaintiff dated October 1, 1985, stating that the previous "offer of settlement" remains "open," and that if plaintiff persisted in his desire for a trial, he should immediately advise the court of the reasons for his position.

It would appear that plaintiff's affidavit of July 19, 1985, had already furnished this material. However, plaintiff filed another affidavit on June 6, 1986. This was followed on August 1, 1986, by a letter from plaintiff to the Clerk of the Court referring to the affidavit of June 6, 1986, and asking that it be treated as a motion for a trial date. A conference in the matter was held on September 10, 1986. Plaintiff claims that the hearing lasted about two minutes during which time he was told by the court to "stop playing a Lawyer and abide by the settlement agreed to by the Attorneys." The motion to reopen was denied. We have no description from AA as to what went on at this conference.

A binding settlement agreement was not concluded at the original pretrial conference held on September 14, 1983. This is clearly apparent from plaintiffs' counsel's letter to plaintiffs that the settlement figure was "tentatively" agreed to at the conference before the district judge, that the figure was subject to plaintiffs' approval, the lack of evidence of such approval, AA's counsel's advice that payment would be made soon after the settlement is "accepted," and AA's counsel's letter to plaintiffs stating that the previous "offer of settlement" remains "open."

In its brief, AA asserts that the agreement was binding, was fair, and should be finalized. Nowhere does it appear that it asserted below that the agreement was binding, nor did it object to undue delay in taking advantage of the right to reopen the action if the agreement was not consummated. The fact that the court voiced approval of the settlement figure does not deprive the plaintiffs of their right to a contrary opinion which they have repeatedly set forth in this litigation.

Under the facts of this case plaintiffs are entitled to a trial of the issues.

Order reversed and vacated and the matter remanded for further proceedings.